```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,
                                              04 Cr. 1296 (RWS)
     - against -
                                                  OPINION
WILBERFORCE NTIAMOAH,

               Defendant.

------------------------------------X

A P P E A R A N C E S


     Pro Se


     WILBERFORCE NTIAMOAH
     USCIS Alien ID: 070-583-265
     Buffalo Federal Detention Facility
     4250 Federal Drive
     Batavia, New York, 14020
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/16

**Sweet, D.J.,**

Wilberforce Ntiamoah ("Ntiamoah" or the "Defendant") has moved the Court for relief from a writ of garnishment issued on August 19, 2014. Based on the conclusions set forth below, the motion is denied.

**Prior Proceedings**

On December 7, 2004, Ntiamoah pled guilty to filing false claims with the Internal Revenue Service, transferring stolen Social Security numbers, and trafficking in fraudulent alien registration cards. On April 5, 2007, he was sentenced to three years' probation, along with a $300 fine and a requirement that he make restitution in the amount of $32,877, to be paid in monthly installments of 10% of gross monthly income. (See generally Judgment, Dkt. No. 24.)

On July 22, 2014, the government requested a writ of garnishment against Ntiamoah, stating that there was still a balance of $29,711.65 due on the judgment. (Dkt. No. 27.) The Court scheduled the motion to be heard on submission on July 16, 2014. After receiving no opposition from Ntiamoah or his employer, the Court issued the writ on August 19, 2014. (Dkt. No. 28.)

Ntiamoah filed a "request to reopen proceedings" on November 30, 2015, stating that he had not been previously aware of the writ of garnishment, and that the reason for his failure to pay his obligations was his incarceration in Canadian and American immigration detention facilities, beginning on May 5, 2014.  (Dkt. No. 30.)  Ntiamoah noted that he had been actively litigating his immigration case, but that he had been unable to work (and thus unable to pay restitution) due to his incarceration.  (See id.)  He requests that the Court rescind the writ of garnishment and stay the proceeding pending the outcome of his immigration case.

**The Motion is Denied**

Although the Defendant does not cite to any particular statute or doctrine as a basis for the relief he seeks, the context of the motion and his request to "reopen proceedings" indicate that he is seeking a hearing on a motion to quash the writ of garnishment, pursuant to 28 U.S.C. § 3202(d).[1]  However, § 3202(d) provides for a hearing only "on very limited grounds"

---

[1] The statute permits a hearing only if a debtor requests one within 20 days of receiving notice.  In light of the "special solicitude" afforded to pro se litigants in this Circuit, see Tracy v. Freshwater, 623 F.3d 90, 100-01 (2d Cir. 2010), the Court credits Ntiamoah's representation that he only recently discovered the writ of garnishment and assumes that he filed his letter-motion in a timely manner.

3

and "financial hardship is not one of them." United States v. DiLorenzo, No. 05 Cr. 33, 2012 WL 5842747, at *1 (D. Conn. Nov. 16, 2012). Indeed, Congress has required that orders for restitution be issued "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).

Ntiamoah's motion therefore fails. The Court notes, however, that the judgment against Ntiamoah does not call for restitution to be made in a specified dollar amount per month, but rather in installments of 10% of his gross monthly income. (See Judgment, Dkt. No. 24, at 5; see also 18 U.S.C. § 3664(f)(2) (permitting a defendant's financial situation to be considered in determining the manner and schedule of repayment, rather than the amount)). If Ntiamoah's incarceration has reduced his income to zero, his payment obligation is eliminated as well, until such time as he is once again earning an income.

**Conclusion**

The Defendant's motion is denied, as set forth above.

It is so ordered.

New York, NY
~~March~~ , 2016

_____
ROBERT W. SWEET
U.S.D.J.